LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118

LAW OFFICE OF PETER GOLDSTEIN
Peter Goldstein, Esq. (SBN 6992)
10795 West Twain Avenue, Suite 110
Las Vegas, Nevada 89135
Telephone:  (702) 474-6400
Facsimile:   (888) 400-8799

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

K.C., a minor, by and through her guardian Carolina Navarro; A.S., a minor, by and through her guardian Araceli Saenz; K.C., by and through her guardian Amber Neubert; JACQUELINE LAWRE NCE; KEITH CHILDRESS, SR., in each case individually and as successor in interest to Keith Childress, Jr., deceased; and FREDERICK WAID as special administrator of the ESTATE OF KEITH CHILDRESS, JR.,

                                     Plaintiffs,

        vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, UNITED STATES DEPARTMENT OF JUSTICE MARSHALS SERVICE; ROBERT BOHANON; BLAKE WALFORD; JAMES LEDOGAR; BRIAN MONTANA; and DOES 2-10, inclusive,

                                     Defendants.

Case No. 2:16-cv-03039-JCM-NJK

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
3. Substantive Due Process—(42 U.S.C. § 1983)
4. Municipal Liability for Ratification—(42 U.S.C. § 1983)
5. Municipal Liability for Failure to Train—(42 U.S.C. § 1983)
6. Municipal Liability for Unconstitutional Custom, Practice, or Policy—(42 U.S.C. § 1983)
7. Battery (Wrongful Death)
8. Negligence (Wrongful Death)
9. Wrongful Death (Federal Tort Claims Act—28 U.S.C. §1346(b))
10. Supervisory Liability—(*Bivens*)
11. Unreasonable Search and Seizure—Excessive Force (*Bivens*)
12. Substantive Due Process—(*Bivens*)

**DEMAND FOR JURY TRIAL**

-1-

1

## **COMPLAINT FOR DAMAGES**

Frederick Waid as administrator of the ESTATE OF KEITH CHILDRESS, JR.; K.C., a minor, by and through her guardian Carolina Navarro; A.S., a minor, by and through her guardian Araceli Saenz; K.C., by and through her guardian Amber Neubert; JACQUELINE LAWRENCE; and KEITH CHILDRESS, SR., in each case individually and as successor in interest to Keith Childress, Jr., deceased, bring this Complaint against Defendants LAS VEGAS METROPOLITAN POLICE DEPARMENT, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES MARSHALS SERVICE, ROBERT BOHANON, BLAKE WALFORD, JAMES LEDOGAR, BRIAN MONTANA, and DOES 2-10, inclusive, and allege as follows:

## **INTRODUCTION**

1.     This civil rights, state tort, federal, and *Bivens* action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution, the Federal Tort Claims Act, and state law in connection with the fatal police shooting of Plaintiffs' father and son, Keith Childress, Jr., on December 31, 2015.

2.     The policies and customs behind shootings of civilians such as Keith Childress, Jr. are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as Plaintiffs herein seek by means of this civil rights action to hold accountable those responsible for the killing of Keith Childress, Jr. and to challenge the unconstitutional policies and practices of the Las Vegas Metropolitan Police Department and the United States Department of Justice Marshals Service, this civil rights action is firmly in the public interest.

## **PARTIES**

3.     At all relevant times, decedent Keith Childress, Jr. ("DECEDENT") was an individual residing in Laveen, Arizona.

4.     FREDERICK WAID is the special administrator of the ESTATE OF KEITH CHILDRESS, JR. ("ESTATE").  The ESTATE seeks survival damages, special damages, funeral and burial expenses, and punitive damages under federal and state law.

5.     Plaintiff K.C. is a minor individual residing in Escondido, California and is the natural born child of DECEDENT.  K.C. sues by and through her guardian Carolina Navarro both in her individual capacity as the child of DECEDENT and in a representative capacity as a successor in interest to DECEDENT.  K.C. seeks both survival and wrongful death damages under federal and state law.

6.     Plaintiff A.S. is a minor individual residing in Escondido, California and is the natural born child of DECEDENT.  A.S. sues by and through her guardian Araceli Saenz both in her individual capacity as the child of DECEDENT and in a representative capacity as a successor in interest to DECEDENT.  A.S. seeks both survival and wrongful death damages under federal and state law.

7.     Plaintiff K.C. is a minor individual residing in Laveen, Arizona and is the natural born child of DECEDENT.  K.C. sues by and through her guardian Amber Neubert both in her individual capacity as the child of DECEDENT and in a representative capacity as a successor in interest to DECEDENT.  K.C. seeks both survival and wrongful death damages under federal and state law.

8.     Plaintiff JACQUELINE LAWRENCE ("LAWRENCE") is an individual residing in Laveen, Arizona and is the natural mother of DECEDENT. JACQUELINE LAWRENCE seeks both survival and wrongful death damages under federal and state law.

9.     Plaintiff KEITH CHILDRESS, SR. ("CHILDRESS") is an individual residing in Moreno Valley, California and is the natural father of DECEDENT. LAWRENCE seeks both survival and wrongful death damages under federal and state law.

10.     Defendant ROBERT BOHANON ("BOHANON") is a sergeant or police officer for the Las Vegas Metropolitan Police Department ("LVMPD").  At all relevant times, BOHANON was acting under color of law within the course and scope of his duties as a sergeant or police officer for the LVMPD.  At all relevant times, BOHANON was acting with the complete authority and ratification of his principals, LVMPD.  Defendant BOHANON is sued individually.

11.     Defendant BLAKE WALFORD ("WALFORD") is a sergeant or police officer for the LVMPD.  At all relevant times, WALFORD was acting under color of law within the course and scope of his duties as a sergeant or police officer for the LVMPD.  At all relevant times, WALFORD was acting with the complete authority and ratification of his principal, LVMPD.  Defendant WALFORD is sued individually.

12.     Defendant JAMES LEDOGAR ("LEDOGAR") is a sergeant or police officer for the LVMPD. At all relevant times, LEDOGAR was acting under color of law within the course and scope of his duties as a sergeant or police officer for the LVMPD.  At all relevant times, LEDOGAR was acting with the complete authority and ratification of his principal, LVMPD.  Defendant LEDOGAR is sued individually.

13.     Defendant BRIAN MONTANA ("MONTANA") is a deputy for the United States Department of Justice Marshals Service ("DOJMS"). At all relevant times, MONTANA was acting under color of law within the course and scope of his duties as a deputy for DOJMS. At all relevant times, MONTANA was acting with complete authority and ratification of his principal, DOJMS. Defendant MONTANA is sued individually.

14.     At all relevant times, Defendant United States Department of Justice Marshals Service is and was a duly organized public entity, form unknown, existing under the laws of the United States of America.  Defendant DOJMS is a component of the United States Department of Justice, an agency established in the Executive

1   Branch of the United States government, with the capacity to be sued.  At all

2   relevant times, DOJMS was the employer of Defendants DOJMS DOES (DOES 4-

3   6) and DOJMS DOE SUPERVISORS (DOES 7-8).

4         15.    At all relevant times, Defendant Las Vegas Metropolitan Police

5   Department ("LVMPD") is and was a duly organized public entity, form unknown,

6   existing under the laws of the State of Nevada.  Defendant LVMPD is a chartered

7   subdivision of the State of Nevada with the capacity to be sued.  At all relevant

8   times, Defendant LVMPD was responsible for assuring that the actions, omissions,

9   policies, procedures, practices, and customs of the LVMPD and its employees and

10  agents complied with the laws of the United States and of the State of Nevada.  At

11  all relevant times, LVMPD was the employer of Defendants LVMPD DOE

12  OFFICERS (DOES 1-3) and LVMPD DOE SUPERVISORS (DOES 9-10).

13        16.    Defendants DOES 2-3 ("LVMPD DOE OFFICERS") are sergeants or

14  police officers for the LVMPD.  At all relevant times, LVMPD DOE OFFICERS

15  were acting under color of law within the course and scope of their duties as

16  sergeants or police officers for the LVMPD.  At all relevant times, LVMPD DOE

17  OFFICERS were acting with the complete authority and ratification of their

18  principal, Defendant LVMPD.  LVMPD DOE OFFICERS are sued individually.

19        17.    In doing the acts and failing and omitting to act as hereinafter

20  described, Defendants LVMPD DOE OFFICERS were acting on the implied and

21  actual permission and consent of Defendants LVMPD and LVMPD DOE

22  SUPERVISORS (DOES 9-10).

23        18.    Defendants DOES 4 – 6 ("DOJMS DOE DEPUTIES") are deputies for

24  the DOJMS.  At all relevant times, DOJMS DOE DEPUTIES were acting under

25  color of law within the course and scope of their duties as deputies for the DOJMS.

26  At all relevant times, DOJMS DOE DEPUTIES were acting with the complete

27  authority and ratification of their principal, Defendant DOJMS.  DOJMS DOE

28  DEPUTIES are sued individually.

19.    In doing the acts and failing and omitting to act as hereinafter described, Defendants DOJMS DOE DEPUTIES were acting on the implied and actual permission and consent of Defendants DOJMS and DOJMS DOE SUPERVISORS (DOES 9-10).

20.    Defendants DOES 7 – 8 ("DOJMS DOE SUPERVISORS") are managerial, supervisorial, and policymaking employees for the DOJMS.  At all relevant times, DOJMS DOE SUPERVISORS were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the DOJMS.  At all relevant times, DOJMS DOE SUPERVISORS were acting with the complete authority and ratification of their principal, Defendant DOJMS.

21.    Defendants DOES 9 – 10 ("LVMPD SUPERVISORIAL DOES") are managerial, supervisorial, and policymaking employees for the LVMPD who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the LVMPD.  LVMPD SUPERVISORIAL DOES were acting with the complete authority and ratification of their principal, Defendant LVMPD.  At all relevant times, LVMPD was the employer of Defendants LVMPD SUPERVISORIAL DOES.

22.    The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 2-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

23.    At all times mentioned herein, each and every DOJMS Defendant was the agent of each and every other DOJMS Defendant and had the legal duty to

1  oversee and supervise the hiring, conduct, and employment of each and every

2  DOJMS Defendant.

3      24.    At all times mentioned herein, each and every LVMPD Defendant was

4  the agent of each and every other LVMPD Defendant and had the legal duty to

5  oversee and supervise the hiring, conduct, and employment of each and every

6  LVMPD Defendant.

7      25.    All of the acts complained of herein by Plaintiffs against Defendants

8  were done and performed by said Defendants by and through their authorized

9  agents, servants, and/or employees, all of whom at all relevant times herein were

10 acting within the course, purpose, and scope of said agency, service, and/or

11 employment capacity.  Moreover, Defendants and their agents ratified all of the acts

12 complained of herein.

13     26.    DECEDENT died as a direct and proximate result of the actions of

14 Defendants BOHANON, WALFORD, MONTANA, LVMPD DOE OFFICERS,

15 and DOJMS DOE DEPUTIES.  Defendants BOHANON, WALFORD,

16 LEDOGAR, MONTANA, LVMPD DOE OFFICERS, and DOJMS DOE

17 DEPUTIES are directly liable for Plaintiffs' and DECEDENT's injuries under state

18 and federal law pursuant to 42 U.S.C. § 1983, the Federal Tort Claims Act, *Bivens v.*

19 *Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Nevada Revised Statues.

20     27.    Defendants LVMPD, DOJMS, LVMPD DOE SUPERVISORS, and

21 DOJMS DOE SUPERVISORS are vicariously liable for Plaintiffs' and

22 DECEDENT's injuries under Nevada law and under the doctrine of *respondeat*

23 *superior* because their employees and agents caused DECEDENT's death and

24 Plaintiffs' injuries.

25     28.    Defendants LVMPD and LVMPD DOE SUPERVISORS are also

26 directly liable for Plaintiffs' and DECEDENT's injuries for municipal liability under

27 *Monell v. Social Services of New York*, 436 U.S. 658 (1978) and its progeny.

28

29.     Defendants DOJMS and DOJMS DOE SUPERVISORS are also directly liable for Plaintiffs' and DECEDENT's injuries for supervisory liability under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and its progeny.

## JURISDICTION AND VENUE

30.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

31.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the City of Las Vegas, Nevada.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

32.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33.     On December 31, 2015, at approximately 2:00 p.m. on that date, at or around 8335 Gilden Crown Court in Las Vegas, Nevada, DECEDENT sustained injuries, including but not limited to pain and suffering, loss of enjoyment of life, and death when he was shot by Defendants BOHANON and WALFORD and thereafter Defendant LEDOGAR released a police dog upon him.  DOJMS DOE DEPUTIES and LVMPD DOE OFFICERS inclusive, integrally participated in or failed to intervene in the shooting.

34.     Prior to BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS' arrival at the scene, MONTANA erroneously provided false information to LVMPD that DECEDENT was wanted for attempted murder. DECEDENT was not wanted for attempted murder.

35.     DECEDENT was unarmed at all relevant times.  DECEDENT was not holding a weapon or anything that looked like a weapon.  The only thing DECEDENT had in his hand at the time of or immediately prior to the shooting was his cell phone.  Defendants BOHANON and WALFORD opened fire even though DECEDENT was unarmed and even though there were residences in the background.

36.     Upon information and belief, after being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Despite DECEDENT's physical state, Defendant LEDOGAR released a police dog upon DECEDENT. Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

37.     The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting and was unarmed at all relevant times.  The shooting was done with a purpose to harm unrelated to any legitimate law enforcement objective and demonstrated a deliberate indifference to the health and safety of the DECEDENT.

38.     Plaintiffs were dependent on DECEDENT, including financially dependent, to some extent, for the necessities of life.

39.     Plaintiffs K.C., by and through her guardian Carolina Navarro, A.S., by and through her guardian Araceli Saenz, and K.C., by and through her guardian Amber Neubert, are DECEDENT's successors in interest and succeed to DECEDENT's interest in this action as the biological children of DECEDENT.

40.     Plaintiffs submitted a Federal Tort Act Claim with the United States Department of Justice Marshals Service Internal Affairs department on July 19, 2017.

SECOND AMENDED COMPLAINT FOR DAMAGES

41.     More than six months have elapsed since Plaintiffs submitted their Federal Tort Act Claim with the United States Department of Justice Marshals Service Internal Affairs department without a final disposition.

**FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(By Plaintiffs FREDERICK WAID as special administrator of the ESTATE OF KEITH CHILDRESS, JR., K.C., A.S., K.C., and JACQUELINE LAWRENCE against Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS)

42.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.     Defendants BOHANON'S and WALFORD'S unjustified shooting and LEDOGAR'S release of a police dog on DECEDENT after the shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.     Defendants LVMPD DOE OFFICERS integrally participated or failed to intervene.

45.     The shooting was excessive and unreasonable, especially because DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting and was unarmed at all relevant times.

46.     The release of the police dog on DECEDENT after the shooting was excessive and unreasonable, especially because DECEDENT had been shot, was immobile, was bleeding profusely on the ground, and posed no immediate threat of serious harm or bodily injury at the time the police dog was released.

47.     As a result of the excessive force, DECEDENT suffered extreme pain

1    and suffering and eventually suffered a loss of life and of earning capacity.

2          48.    Defendants' shooting of DECEDENT violated their training.

3          49.    As a result of their misconduct, Defendants BOHANON, WALFORD,

4    LEDOGAR, and LVMPD DOE OFFICERS, each are liable for DECEDENT's and

5    Plaintiffs' injuries, either because they were integral participants in the shooting or

6    because they failed to intervene to prevent these violations.

7          50.    The conduct of Defendants BOHANON, WALFORD, LEDOGAR,

8    LVMPD DOE OFFICERS was willful, wanton, malicious, and done with reckless

9    disregard for the rights and safety of DECEDENT and therefore warrants the

10   imposition of exemplary and punitive damages as to individual Defendants

11   BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS.

12         51.    Plaintiffs K.C., by and through her guardian  Carolina Navarro, A.S.,

13   by and through her guardian  Araceli Saenz, K.C., by and through her guardian

14   Amber Neubert, JACQUELINE LAWRENCE, and FREDERICK WAID as the

15   special administrator of the ESTATE OF KEITH CHILDRESS, JR., bring this claim

16   as successors in interest to DECEDENT and seek both survival and wrongful death

17   damages under this claim, including pain and suffering, loss of life, and loss of

18   enjoyment of life.  Plaintiffs also claim funeral and burial expenses, loss of financial

19   support, and attorneys' fees under this claim.

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

SECOND AMENDED COMPLAINT FOR DAMAGES

**SECOND CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiffs FREDERICK WAID as special administrator of the ESTATE OF

KEITH CHILDRESS, JR., K.C., A.S., K.C., and JACQUELINE LAWRENCE

against Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE

OFFICERS)

52.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1

through 51 of this Complaint with the same force and effect as if fully set forth

herein.

53.     The denial of medical care by Defendants BOHANON, WALFORD,

LEDOGAR, and LVMPD DOE OFFICERS deprived DECEDENT of his right to be

secure in his person against unreasonable searches and seizures as guaranteed to

DECEDENT under the Fourth Amendment to the United States Constitution and

applied to state actors by the Fourteenth Amendment.

54.     As a result, DECEDENT suffered extreme pain and suffering and

eventually suffered a loss of life and earning capacity.

55.     Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE

OFFICERS knew that failure to provide timely medical treatment to DECEDENT

could result in further significant injury or the unnecessary and wanton infliction of

pain, but disregarded that serious medical need, causing DECEDENT great bodily

harm and death.

56.     Defendants' failure to timely provide medical treatment to

DECEDENT was a violation of their training.

57.     As a result of their misconduct, Defendants BOHANON, WALFORD,

LEDOGAR, and LVMPD DOE OFFICERS each are liable for DECEDENT's and

Plaintiffs' injuries, either because they were integral participants in the shooting or

because they failed to intervene to prevent these violations.

58.     The conduct of Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to individual Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS.

59.     Plaintiffs K.C., by and through her guardian  Carolina Navarro, A.S., by and through her guardian Araceli Saenz, K.C., by and through her guardian Amber Neubert, JACQUELINE LAWRENCE, and FREDERICK WAID as the special administrator of the ESTATE OF KEITH CHILDRESS, JR., bring this claim as successors in interest to DECEDENT and seek both survival and wrongful death damages under this claim, including pain and suffering, loss of life, and loss of enjoyment of life.  Plaintiffs also claim funeral and burial expenses, loss of financial support, and attorneys' fees under this claim.

### THIRD CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By all Plaintiffs against Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS)

60.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61.     DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.  DECEDENT brings this claim through Plaintiff FREDERICK WAID as special administrator of the ESTATE OF KEITH CHILDRESS, JR.

62.     Plaintiff K.C., by and through her guardian  Carolina Navarro,  had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of

the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in her familial relationship with her father, DECEDENT.

63.     Plaintiff A.S. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in her familial relationship with her father, DECEDENT.

64.     Plaintiff K.C., by and through her guardian  Amber Neubert, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in his familial relationship with her father, DECEDENT.

65.     Plaintiff LAWRENCE had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in her familial relationship with her son, DECEDENT.

66.     Plaintiff CHILDRESS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in his familial relationship with his son, DECEDENT.

67.     The aforementioned actions of BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights

of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

68.     As a direct and proximate cause of the acts of BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS, DECEDENT experienced severe pain and suffering and lost his life and earning capacity.

69.     BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

70.     Plaintiffs have suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

71.     The conduct of BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS.

72.     Plaintiffs K.C., A.S., and K.C. bring this claim as successors in interest to DECEDENT and seek both survival and wrongful death damages under this claim, including pain and suffering and loss of enjoyment of life.

73.     Plaintiffs LAWRENCE and CHILDRESS bring this claim in each case individually and seek wrongful death damages for the violation of DECEDENT's rights.

74.     Plaintiff FREDERICK WAID as the special administrator of the ESTATE OF KEITH CHILDRESS, JR., also brings this claim and seek survival damages.

75.     Plaintiffs also claim funeral and burial expenses, punitive damages, loss of financial support, and attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability for Ratification (42 U.S.C. § 1983)

(By Plaintiffs FREDERICK WAID as special administrator of the ESTATE OF KEITH CHILDRESS, JR., K.C., A.S., K.C., and JACQUELINE LAWRENCE against Defendants LVMPD and LVMPD DOE SUPERVISORS)

76.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 75 of their Complaint with the same force and effect as if fully set forth herein.

77.     Defendants BOHANON, WALFORD, and LEDOGAR, LVMPD DOE OFFICERS acted under color of law.

78.     The acts of Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

79.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS, ratified (or will ratify) Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS' acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants BOHANON'S, WALFORD'S, LEDOGAR'S, and LVMPD DOE OFFICERS' acts.

80.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS were "within policy."

81.     On information and belief, Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

82.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

83.     Accordingly, Defendants LVMPD and LVMPD DOE SUPERVISORS each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

84.     Plaintiffs K.C., by and through her guardian  Carolina Navarro, A.S., by and through her guardian  Araceli Saenz, K.C., by and through her guardian Amber Neubert, JACQUELINE LAWRENCE, and FREDERICK WAID as the special administrator of the ESTATE OF KEITH CHILDRESS, JR., bring this claim as successors in interest to DECEDENT and seek both survival and wrongful death damages under this claim, including pain and suffering, loss of life, and loss of enjoyment of life.  Plaintiffs also claim funeral and burial expenses, loss of financial support, and attorneys' fees under this claim.

### FIFTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(By Plaintiffs FREDERICK WAID as special administrator of the ESTATE OF KEITH CHILDRESS, JR., K.C., A.S., K.C.. and JACQUELINE LAWRENCE against Defendants LVMPD and LVMPD DOE SUPERVISORS)

85.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 84 of their Complaint with the same force and effect as if fully set forth herein.

86.     Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS acted under color of law.

87.     The acts of Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

88.     The training policies of Defendant CITY were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

89.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

90.     The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS; that is, the LVMPD'S failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

91.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

92.     Accordingly, Defendants LVMPD and LVMPD DOE SUPERVISORS each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

93.     Plaintiffs K.C., by and through her guardian  Carolina Navarro, A.S., by and through her guardian  Araceli Saenz, K.C., by and through her guardian Amber Neubert, JACQUELINE LAWRENCE, and FREDERICK WAID as the special administrator of the ESTATE OF KEITH CHILDRESS, JR., bring this claim as successors in interest to DECEDENT and seek both survival and wrongful death damages under this claim, including pain and suffering, loss of life, and loss of

enjoyment of life.  Plaintiffs also claim funeral and burial expenses, loss of financial support, and attorneys' fees under this claim.

### SIXTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By Plaintiffs FREDERICK WAID as special administrator of the ESTATE OF KEITH CHILDRESS, JR., K.C., A.S., K.C., and JACQUELINE LAWRENCE against Defendants LVMPD and LVMPD DOE SUPERVISORS)

94.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 93 of their Complaint with the same force and effect as if fully set forth herein.

95.    Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS acted under color of law.

96.    Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant LVMPD.

97.    On information and belief, Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

98.    Defendants LVMPD, BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS, together with other LVMPD policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

       (a)    Using excessive force, including excessive deadly force;

       (b)    Providing inadequate training regarding the use of deadly force;

       (c)    Employing and retaining as police officers individuals such as Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD

-19-

1  DOE OFFICERS, whom Defendant LVMPD at all times
2  material herein knew or reasonably should have known had
3  dangerous propensities for abusing their authority and for using
4  excessive force;

5  (d)  Inadequately supervising, training, controlling, assigning, and
6  disciplining LVMPD deputies and other personnel, including
7  Defendants BOHANON, WALFORD, LEDOGAR, and LVMPD
8  DOE OFFICERS, whom Defendant LVMPD knew or in the
9  exercise of reasonable care should have known had the
10  aforementioned propensities and character traits;

11  (e)  Maintaining grossly inadequate procedures for reporting,
12  supervising, investigating, reviewing, disciplining and
13  controlling misconduct by LVMPD officers;

14  (f)  Failing to adequately discipline LVMPD officers for the above-
15  referenced categories of misconduct, including "slaps on the
16  wrist," discipline that is so slight as to be out of proportion to the
17  magnitude of the misconduct, and other inadequate discipline
18  that is tantamount to encouraging misconduct;

19  (g)  Announcing that unjustified shootings are "within policy,"
20  including shootings that were later determined in court to be
21  unconstitutional;

22  (h)  Even where shootings are determined in court to be
23  unconstitutional, refusing to discipline, terminate, or retrain the
24  officers involved;

25  (i)  Encouraging, accommodating, or facilitating a "blue code of
26  silence," "blue shield," "blue wall," "blue curtain," "blue veil,"
27  or simply "code of silence," pursuant to which police officers do
28  not report other officers' errors, misconduct, or crimes. Pursuant

-20-

to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j)  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

99.  By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

100.  Defendants LVMPD and LVMPD DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

101.  By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, LVMPD DOE SUPERVISORS acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants

1  LVMPD and LVMPD DOE SUPERVISORS were affirmatively linked to and were

2  a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

3      102.   Accordingly, Defendants LVMPD and LVMPD DOE SUPERVISORS

4  each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

5      103.   Plaintiffs K.C., by and through her guardian  Carolina Navarro, A.S.,

6  by and through her guardian  Araceli Saenz, K.C., by and through her guardian

7  Amber Neubert, JACQUELINE LAWRENCE, and FREDERICK WAID as

8  thespecial administrator of the ESTATE OF KEITH CHILDRESS, JR., bring this

9  claim as successors in interest to DECEDENT and seek both survival and wrongful

10 death damages under this claim, including pain and suffering, loss of life, and loss

11 of enjoyment of life.  Plaintiffs also claim funeral and burial expenses, loss of

12 financial support, and attorneys' fees under this claim.

13

14                          **SEVENTH CLAIM FOR RELIEF**

15                             **Battery (wrongful death)**

16       (By all Plaintiffs against Defendants LVMPD, BOHANON, WALFORD,

17                        LEDOGAR, and LVMPD DOE OFFICERS)

18      104.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1

19 through 103 of this Complaint with the same force and effect as if fully set forth

20 herein.

21      105.   Defendants BOHANON, WALFORD, and LEDOGAR, while working

22 as sergeants, officers, agents and/or deputies for the LVMPD and acting within the

23 course and scope of their duties, intentionally shot DECEDENT multiple times and

24 released a police dog on DECEDENT after he was shot.  LVMPD DOE OFFICERS

25 also while working as sergeants, officers, agents and/or deputies for the LVMPD

26 and acting within the course and scope of their duties, integrally participated or

27 failed to intervene in the shooting.

28

-22-

106.   As a result of the actions of BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and also lost his earning capacity.  BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS had no legal justification for using deadly force against DECEDENT, and said Defendants' use of force while carrying out their duties as sergeants or officers for the LVMPD was an unreasonable use of force under the circumstances.

107.   As a direct and proximate result of the conduct of BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS as alleged above, Plaintiffs and DECEDENT suffered extreme and severe mental anguish and pain and have been injured in mind and body.

108.   The aforementioned wrongful acts, conduct, and use of excessive force were unconstitutional.

109.   Defendant LVMPD is vicariously liable for the wrongful acts of BOHANON, WALFORD, LEDGOAR, and LVMPD DOE OFFICERS because under Nevada law, a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

110.   The conduct of BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS  was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, in each case individually and as a successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS.

111.   Plaintiffs LAWRENCE and CHILDRESS bring this claim individually and seek both survival and wrongful death damages under this claim based on their financial dependency on DECEDENT.

112.   Plaintiffs K.C., by and through her guardian  Carolina Navarro, A.S., by and through her guardian  Araceli Saenz, K.C., by and through her guardian Amber Neubert, and FREDICK WAID as the special administrator of the ESTATE OF KEITH CHILDRESS, JR., bring this claim as successors in interest to DECEDENT and seek both survival and wrongful death damages under this claim, including pain and suffering, loss of life, and loss of enjoyment of life.  Plaintiffs also claim funeral and burial expenses, loss of financial support, and attorneys' fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### Negligence (wrongful death)

(By all Plaintiffs against Defendants LVMPD, BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS)

113.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 112 of this Complaint with the same force and effect as if fully set forth herein.

114.   The actions and inactions of Defendants were negligent and reckless, including but not limited to:

(a)   the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b)   the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c)   the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d)   the failure to provide prompt medical care to DECEDENT;

(e)   the failure to properly train and supervise employees, both professional and non-professional, including BOHANON, WALFORD, LEDOGAR, and LVMPD DOE OFFICERS;

      (f)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT.

115.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

116.   The aforementioned wrongful acts, conduct, and use of excessive force were unconstitutional.

117.   The LVMPD is vicariously liable for the wrongful acts of LVMPD DOE OFFICERS because a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

118.   Plaintiffs LAWRENCE and CHILDRESS bring this claim individually and seek both survival and wrongful death damages under this claim based on their financial dependency on DECEDENT.

119.   Plaintiffs K.C., by and through her guardian  Carolina Navarro, A.S., by and through her guardian  Araceli Saenz, K.C., by and through her guardian Amber Neubert, and FREDERICK WAID as the special administrator of the ESTATE OF KEITH CHILDRESS, JR., bring this claim as successors in interest to DECEDENT and seek both survival and wrongful death damages under this claim, including pain and suffering, loss of life, and loss of enjoyment of life.  Plaintiffs also claim funeral and burial expenses, loss of financial support, and attorneys' fees under this claim.

# NINTH CLAIM FOR RELIEF

## Wrongful Death

### (Federal Tort Claims Act—28 U.S.C. §1346(b))

(By all Plaintiffs against Defendants MONTANA; DOJMS DOE DEPUTIES;

DOJMS DOE SUPERVISORS; and DOJMS)

120.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 119 of this Complaint with the same force and effect as if fully set forth herein.

121.   MONTANA and DOJMS DOE DEPUTIES, while working as deputies for the DOJMS and acting within the course and scope of their duties, integrally participated or failed to intervene in the unlawful and unjustified shooting of DECEDENT.

122.   As a result of the actions and inactions of MONTANA and DOJMS DOE DEPUTIES, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and also lost his earning capacity.

123.   As a direct and proximate result of the conduct of MONTANA and DOJMS DOE DEPUTIES as alleged above, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

124.   Plaintiffs LAWRENCE and CHILDRESS bring this claim individually and seek both survival and wrongful death damages under this claim based on their financial dependency on DECEDENT.

125.   Plaintiffs K.C., by and through her guardian  Carolina Navarro, A.S., by and through her guardian  Araceli Saenz, K.C., by and through her guardian Amber Neubert, and FREDERICK WAID as the special administrator of the ESTATE OF KEITH CHILDRESS, JR., bring this claim as successors in interest to DECEDENT and seek both survival and wrongful death damages under this claim,

including pain and suffering and loss of enjoyment of life.  Plaintiffs also claim

funeral and burial expenses, loss of financial support, and attorneys' fees under this

claim.

## TENTH CLAIM FOR RELIEF

### Supervisory Liability

### (*Bivens* Action)

(By Plaintiffs FREDERICK WAID as special administrator of the ESTATE

OF KEITH CHILDRESS, JR., K.C., A.S., K.C., and JACQUELINE

LAWRENCE against Defendants DOJMS and DOJMS DOE

SUPERVISORS)

126.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1

through 125 of this Complaint with the same force and effect as if fully set forth

herein.

127.   MONTANA and DOJMS DOE DEPUTIES integrally participated or

failed to intervene in the shooting of DECEDENT, thereby violating DECEDENT's

right to be free from unreasonable searches and seizures, excessive force, and

conscience-shocking behavior pursuant to the Fourth and Fourteenth Amendments

to the United States Constitution.

128.   On information and belief, Defendants MONTANA and DOJMS DOE

DEPUTIES' participation in the unjustified shooting of DECEDENT was found to

be within DOJMS policy.

129.   On information and belief, Defendants MONTANA and DOJMS DOE

DEPUTIES' participation in the unjustified shooting of DECEDENT was ratified by

DOJMS DOE SUPERVISORS.

130.   On information and belief, MONTANA and DOJMS DOE DEPUTIES

were not disciplined for their participation in the unjustified shooting DECEDENT.

131.   On and for some time prior to December 31, 2015 (and continuing to

the present date), Defendants DOJMS, MONTANA, DOJMS DOE DEPUTIES, and DOJMS SUPERVISORIAL DOES, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

      (a)      Employing and retaining as federal deputies and other personnel, including MONTANA and DOJMS DOE DEPUTIES, whom Defendants DOJMS and DOJMS DOE SUPERVISORS at all times material herein knew or reasonably should have known had propensities for providing erroneous or false information, and dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written DOJMS policies;

      (b)      Of inadequately supervising, training, controlling, assigning, and disciplining DOJMS deputies and other personnel, including MONTANA and DOJMS DOE DEPUTIES, whom Defendants DOJMS and DOJMS DOE SUPERVISORS knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

      (c)      By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the negligent or intentional misconduct by Defendants MONTANA and DOJMS DOE DEPUTIES, who are deputies and/or agents of DOJMS;

      (d)      By failing to discipline DOJMS deputies and/or agents for negligent or intentional misconduct;

  (e) By ratifying the negligent or intentional misconduct of MONTANA and DOJMS DOE DEPUTIES and other DOJMS deputies and/ or agents with respect to the use of deadly force;

  (f) By having and maintaining an unconstitutional policy, custom, and practice of reporting erroneous and/or false information, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of Defendants DOJMS and DOJMS DOE SUPERVISORS were maintained with a deliberate indifference to individuals' safety and rights; and

  (g) By failing to properly investigate claims of erroneous or false reporting by DOJMS deputies.

132. By reason of the aforementioned policies and practices of Defendants MONTANA, DOJMS DOE DEPUTIES, DOJMS, and DOJMS DOE SUPERVISORS, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

133. Defendants DOJMS and DOJMS DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

134. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants MONTANA, DOJMS DOE DEPUTIES, DOJMS DOE SUPERVISORS acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs'

constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants DOJMS and DOJMS DOE SUPERVISORS were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

135.   The actions of each of Defendants MONTANA, DOJMS DOE DEPUTIES, and DOJMS DOE SUPERVISORS were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOJMS DOE SUPERVISORS.

136.   By reason of the aforementioned acts and omissions of Defendants, Plaintiffs were caused to incur funeral and burial expenses, loss of financial support, loss of love, companionship, affection, comfort, care, society, and future support.

137.   Accordingly, Defendants DOJMS and DOJMS DOE SUPERVISORS each are liable to Plaintiffs for compensatory damages under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).Plaintiffs K.C., by and through her guardian  Carolina Navarro, A.S., by and through her guardian  Araceli Saenz, K.C., by and through her guardian  Amber Neubert, JACQUELINE LAWRENCE, and FREDERICK WAID as the special administrator of the ESTATE OF KEITH CHILDRESS, JR., bring this claim as successors in interest to DECEDENT and seek both survival and wrongful death damages under this claim, including pain and suffering, loss of life, and loss of enjoyment of life.  Plaintiffs also claim funeral and burial expenses, loss of financial support, and attorneys' fees under this claim.

//

//

//

//

//

# ELEVENTH CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983) (*Bivens*)**

(By Plaintiffs FREDERICK WAID as special administrator of the ESTATE OF

KEITH CHILDRESS, K.C., A.S., K.C., and JACQUELINE LAWRENCE against

Defendants MONTANA and DOJMS DOE DEPUTIES)

138.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 137 of this Complaint with the same force and effect as if fully set forth herein.

139.   Defendants MONTANA and DOJMS DOE DEPUTIES integrally participated or failed to intervene in the shooting of DECEDENT.  Defendants MONTANA and DOJMS DOE DEPUTIES' participation in the unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

140.   The shooting was excessive and unreasonable, especially because DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting and was unarmed at all relevant times.

141.   As a result of the shooting, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.

142.   As a result of their misconduct, Defendants MONTANA and DOJMS DOE DEPUTIES each are liable for DECEDENT's and Plaintiffs' injuries, either because they were integral participants in the shooting or because they failed to intervene to prevent these violations.

143.   The conduct of Defendants MONTANA and DOJMS DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and

1    punitive damages as to individual Defendants MONTANA and DOJMS DOE

2    DEPUTIES.

3        144.   Plaintiffs K.C., by and through her guardian  Carolina Navarro, A.S.,

4    by and through her guardian  Araceli Saenz, K.C., by and through her guardian

5    Amber Neubert, JACQUELINE LAWRENCE, and FREDERICK WAID as the

6    special administrator of the ESTATE OF KEITH CHILDRESS, JR., bring this claim

7    as successors in interest to DECEDENT and seek both survival and wrongful death

8    damages under this claim, including pain and suffering, loss of life, and loss of

9    enjoyment of life.  Plaintiffs also claim funeral and burial expenses, loss of financial

10   support, and attorneys' fees under this claim.

11

12                      **TWELFTH CLAIM FOR RELIEF**

13                      **Substantive Due Process (*Bivens*)**

14          **(By all Plaintiffs against Defendants MONTANA and DOJMS DOE**

15                                   **DEPUTIES)**

16       145.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1

17   through 144 of this Complaint with the same force and effect as if fully set forth

18   herein.

19       146.   DECEDENT had a cognizable interest under the Due Process Clause of

20   the Fourteenth Amendment of the United States Constitution to be free from state

21   actions that deprive him of life, liberty, or property in such a manner as to shock the

22   conscience.

23       147.   Plaintiff K.C., by and through her guardian  Carolina Navarro, had a

24   cognizable interest under the Due Process Clause of the Fourteenth Amendment of

25   the United States Constitution to be free from state actions that deprive her of life,

26   liberty, or property in such a manner as to shock the conscience, including but not

27   limited to unwarranted state interference in her familial relationship with her father,

28   DECEDENT.

148.   Plaintiff A.S. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in her familial relationship with her father, DECEDENT.

149.   Plaintiff K.C., by and through her guardian  Amber Neubert, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in his familial relationship with her father, DECEDENT.

150.   Plaintiff LAWRENCE had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in her familial relationship with her son, DECEDENT.

151.   Plaintiff CHILDRESS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in his familial relationship with his son, DECEDENT.

152.   The aforementioned actions of MONTANA and DOJMS DOE DEPUTIES, including but not limited to providing false information that DECEDENT was wanted for attempted murder, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

153.   As a direct and proximate cause of the acts of MONTANA and DOJMS DOE DEPUTIES, DECEDENT experienced severe pain and suffering and lost his life and earning capacity.

154.   MONTANA and DOJMS DOE DEPUTIES thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

155.   Plaintiffs have suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

156.   The conduct of MONTANA and DOJMS DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to MONTANA and DOJMS DOE DEPUTIES.

157.   Plaintiffs LAWRENCE and CHILDRESS bring this claim individually and seek both survival and wrongful death damages under this claim based on their financial dependency on DECEDENT.

158.   Plaintiffs K.C., by and through her guardian  Carolina Navarro, A.S., by and through her guardian  Araceli Saenz, K.C., by and through her guardian  Amber Neubert, and FREDERICK WAID as the special administrator of the ESTATE OF KEITH CHILDRESS, JR., bring this claim as successors in interest to DECEDENT and seek both survival and wrongful death damages under this claim, including pain and suffering, loss of life, and loss of enjoyment of life.  Plaintiffs also claim funeral and burial expenses, loss of financial support, and attorneys' fees under this claim.

1

## **<u>PRAYER FOR RELIEF</u>**

2          WHEREFORE, Plaintiffs request entry of judgment in their favor and against

3  Defendants the Las Vegas Metropolitan Police Department, United States

4  Department of Justice Marshals Service, Robert Bohanon, Blake Walford, James

5  Ledogar, Brian Montana, and Does 2-10, inclusive, as follows:

6              A.    For compensatory damages, including both survival damages and

7                     wrongful death damages under federal and state law, in the

8                     amount to be proven at trial;

9              B.    For funeral and burial expenses, and loss of financial support;

10            C.    For punitive damages against the individual defendants in an

11                     amount to be proven at trial;

12            D.    For interest;

13            E.    For reasonable costs of this suit and attorneys' fees; and

14            F.    For such further other relief as the Court may deem just, proper,

15                     and appropriate.

16

17  DATED: April 9, 2018            LAW OFFICES OF DALE K. GALIPO
                                 LAW OFFICE OF PETER GOLDSTEIN

18

19

20                     By_____*/s/ Dale K. Galipo*_____

21                      Dale K. Galipo, Esq.
                      Peter Goldstein, Esq.
                      Attorneys for Plaintiffs

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED:  April 9, 2018                    LAW OFFICES OF DALE K. GALIPO
                                         LAW OFFICE OF PETER GOLDSTEIN


                                   By_____/s/ Dale K. Galipo_____
                                         Dale K. Galipo, Esq.
                                         Peter Goldstein, Esq.
                                         Attorneys for Plaintiffs

-36-